IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AMERICAN PHYSICIANS
ASSURANCE CORPORATION,

       Plaintiff,

v.                                                     CV 09-0149 WPL/DJS

MARILYN BUSH AND JOHN BUSH,

       Defendants.

## ORDER

    This matter is before me on an Expedited Motion to Enjoin State Court Proceedings filed by Plaintiff American Physicians Assurance Corporation (APA) and a Motion to Dismiss or Alternatively Motion to Stay Proceedings filed by Defendants Marilyn and John Bush. For the reasons that follow, I will deny APA's motion to enjoin and grant the Bushes' alternative motion to stay.

### BACKGROUND

    The Bushes sued Dr. Bishnu Rauth in state court, alleging medical malpractice and spoliation of evidence. (Doc. 7 Ex. B.) Their complaint claimed that Rauth failed to inform Mrs. Bush about a suspicious lesion in her left breast and that because of the resulting delay in diagnosing cancer, Mrs. Bush has a poor prognosis and will die. (*Id.* ¶¶ 13-18, 29, 32.) Rauth was insured by APA under a professional liability policy with a $200,000 per occurrence limit of liability. (Doc. 2 ¶¶ 5, 13 & Ex. A.) According to the Bushes, APA and its adjuster, Michael Demers, refused to negotiate in good faith and actually failed even to respond to their settlement demands. (Doc. 7 Ex. A ¶¶ 7, 18.) This intransigence forced Rauth to hire his own attorney. (*Id.* ¶ 8.)

On November 25, 2008, the Bushes signed a release in which they agreed to accept $1,750,000 to settle their suit. (Doc. 2 Ex. B ¶ 1(A).) The release contemplated that Rauth would assign any claims he may have against APA to the Bushes. (*Id.* ¶ 1(C).) On January 6, 2009, the Bushes and Rauth executed the assignment. The assignment provided that the Bushes would not seek to recover the entire $1,750,000 from Rauth, but would instead accept $200,000 from APA, $400,000 from the Patient Compensation Fund, and an assignment of Rauth's rights against APA. (Doc. 7 Ex. C.)

On February 16, 2009, APA filed a complaint for a declaratory judgment in this Court, naming the Bushes as defendants. (Doc. 2.) The complaint notes that the Bushes settled their claims against Rauth for an amount in excess of the policy's limit of liability and that they accepted an assignment of Rauth's claims against APA. (*Id.* ¶¶ 8-9.). The complaint asserts that a controversy exists between the Bushes and APA because, even though APA paid the Bushes $200,000 in connection with the settlement, the Bushes contend that APA is liable for the remaining amount due under the settlement agreement. (*Id.* ¶¶ 11, 14.) The complaint requests a declaration that APA complied with the policy. (*Id.* ¶ 17.)

On February 25, 2009, the Bushes sued APA and Demers in state court, asserting claims under New Mexico law for bad faith, unfair claims practices, and unfair trade practices. (Doc. 7 Ex. A.) APA filed a motion to dismiss and a motion to stay in state court (*see* Doc. 12), and the Bushes filed their motion to dismiss or stay in this Court (Doc. 7). APA responded to the Bushes' motion and also filed an expedited motion seeking to enjoin the state case pending a ruling on its motion to dismiss. (Doc. 12.)

**DISCUSSION**

APA brought its federal suit pursuant to the Declaratory Judgment Act. *See* 28 U.S.C. § 2201(a). The Supreme Court has made it clear that federal courts are "under no compulsion" to exercise jurisdiction under that Act. *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 492, 494 (1942); *see Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). Rather, a court has discretion to decline jurisdiction when a suit encompassing the same issues is pending in state court. In deciding whether to decline jurisdiction, the federal court should determine whether the questions in controversy between the parties in the federal case can be settled in the case pending in the state court. The federal court should consider the scope of the pending state court proceeding, the nature of defenses available there, and whether the claims of all the parties in interest can satisfactorily be adjudicated in the state proceeding. *Brillhart*, 316 U.S. at 495.

In *Brillhart*, the Court stated: "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Id.* The Bushes' state court complaint asserts that APA breached the insurance policy's implied term requiring it to deal with Rauth in good faith. All that APA requests in its federal complaint is a declaration that it complied with the terms of the policy.[1] Thus, applying the Supreme Court's language in *Brillhart*, another suit is pending in a state court and that suit necessarily presents the issue raised in this suit. Neither this issue nor any of the issues in the state suit are governed by

---

[1] In its motion to enjoin, APA states that the federal and state complaints "arise from the same transaction (e.g. a dispute over the amount of coverage provided in the APA policy to Dr. Rauth) and involve the same parties under New Mexico law." (Doc. 12 at 2.)

federal law. Finally, both of the parties to this suit are parties to the state suit as well. Considering only *Brillhart* then, abstention appears to be appropriate.

The Tenth Circuit, however, requires district courts to consider the following factors when confronted with a motion to dismiss or stay under *Brillhart*: 1) whether the declaratory judgment action would settle the controversy; 2) whether it would serve a useful purpose in clarifying the legal relations at issue; 3) whether it is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata "; 4) whether it would increase friction between federal and state courts and improperly encroach upon state jurisdiction; and 5) whether there is an alternative remedy that is better or more effective. *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994). These factors are known as the "*Mhoon* factors."

The first two *Mhoon* factors focus on the degree of identity between the parties and issues in the state and federal suits. *United States v. City of Las Cruces*, 289 F.3d 1170, 1183 (10th Cir. 2002). As noted above, the parties and the issue in this federal suit are encompassed within the parties and issues in the state suit. Although the federal suit could clarify the duties and rights under the policy, the state suit will settle the entire controversy.

The posture of this case is similar to that of *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167 (10th Cir. 1995). In *Runyon*, an insurance company asserted that it was not required to provide a defense for its insured under a professional liability policy. After years of negotiation, the insured notified the company that if it did not assume his defense, he would initiate a suit in state court for breach of contract and bad faith by February 18, 1994. On February 17, 1994, the company filed a declaratory judgment action in federal court. The insured filed his state suit the next day. *Id.* at 1168. The Tenth Circuit held that the district court did not abuse its discretion in abstaining from hearing the declaratory judgment action.

4

The circuit noted that the insurer's federal suit sought a declaration that the underlying claim against the insured was not covered by his policy. This issue was identical to what would be a defense in the state suit. In resolving the insured's suit, the state court would necessarily determine the rights and obligations under the policy. Because the state court would determine whether the claim was covered under state law, it was not necessary for the federal court to issue a declaration on the insurance contract. *Id.* at 1169.

*Runyon* also discussed the third *Mhoon* factor. The Tenth Circuit concluded that the district court did not abuse its discretion in determining that the insurance company engaged in "procedural fencing" by filing the federal action one day before the insured promised to file his state suit. *Id.* at 1170. Although the procedural fencing may not be as egregious here as it was in *Runyon*, APA's federal complaint suggests that APA anticipated the Bushes' state court suit. The complaint states, "Pursuant to the Settlement, Rauth agreed to assign his claims for insurance bad faith against APA to Defendants Bush." (Doc. 2 ¶ 8.) A copy of the release was attached to the complaint. (*Id.* Ex. B.)

The fourth *Mhoon* factor is whether continuing with the declaratory judgment action would increase friction between federal and state courts and improperly encroach upon state jurisdiction. APA filed a motion to dismiss and a motion to stay in the state court proceedings. (Doc. 12 at 2-3.) The state court denied these motions.[2] Regarding the motion to dismiss, the state court held that APA could file a new motion to dismiss after this Court decides the Bushes' motion to dismiss in this case. (Doc. 19.) Although the state court's order suggests that the state court might reconsider

---

[2] This denial rendered APA's motion to enjoin moot because that motion only sought to enjoin the state court proceedings pending a ruling on the motion to dismiss.

its ruling if the federal case is not dismissed, it also suggests that the state court is ready and willing adjudicate the issues presented in this case.[3]

Moreover, a federal court's interest in a case is at its lowest when, as in this case, it sits in diversity. *John Deere Ins. Co. v. Smith Lighterage Co.*, 948 F. Supp. 947, 949 (W.D. Wash. 1996). The state court has a greater interest in adjudicating the disputes between APA and Demers and the Bushes. The disputes arise out of an insurance policy issued to a New Mexico doctor, that doctor's treatment of a New Mexico patient in New Mexico, and the handling of the resulting claim by the insurance company and its New Mexico agent. The parties' claims will be determined by state law; no federal law is implicated.

My determination of the first, second, and fourth *Mhoon* factors informs my consideration of the fifth factor. Because the issue raised in this suit is encompassed within a broader suit pending between the same parties in a New Mexico state court involving New Mexico law and New Mexico parties, and the state court has indicated its desire to adjudicate the dispute, that forum provides a better and more effective remedy than federal court.

APA asserts that Judge Kelly, sitting for this Court, recently ruled in its favor in a nearly identical case. *See Am. Physicians Assurance Corp. v. Ham*, No. CV 08-0638. According to APA, consistency dictates that I reach the same result as Judge Kelly.

---

[3] The Bushes filed a copy of the state court's order in this Court under the heading "Defendants' Notice of Acceptance of Jurisdiction by State Court," and with the assertion that it was being filed "[i]n further support of their Motion to Dismiss." (Doc. 19.) The copy was filed on the same day that the order was filed in state court, which was after the completion of briefing on the Bushes' motion to dismiss in this Court. APA filed an objection to the notice, observing that it was filed after the completion of briefing and objecting to the notice "to the extent it suggests [the state court's] decision . . . is dispositive in this Court." (Doc. 25.) I do not view the state court's ruling as dispositive, but I do believe it is relevant to the fourth *Mhoon* factor.

6

In *Ham*, a patient's estate brought a state court medical malpractice suit against a doctor and a clinic, who were insured by APA. APA was not a party to that suit. After a judgment was entered in favor of the estate, APA deposited the policy proceeds into the registry of the state court and brought a declaratory judgment action in federal court against the estate, the doctor, and the clinic, seeking a determination of rights under the policy. The doctor and the clinic filed a motion to dismiss the federal case. Their motion asserted that they were seeking leave to file a third-party bad faith complaint against APA in the state court suit—a suit in which a judgment had already been entered. In denying the motion to dismiss, Judge Kelly noted that there were no parallel proceedings in state court; there was merely a contemplated bad faith action. Accordingly, APA's declaratory judgment suit was first in time. Judge Kelly further stated that APA did not submit to having the state court determine rights under the policy merely by depositing the *res* into that court's registry. At the hearing on the motion, Judge Kelly also suggested that the federal suit could resolve the entire controversy if the doctor and the clinic filed their bad faith claim as a compulsory counterclaim in the federal suit.

Although the Bushes might be able to assert their claims against APA in this case as compulsory counterclaims, *Ham* is otherwise distinguishable. Unlike in *Ham*, the Bushes' bad faith claim is pending in state court and APA is a party to the state court suit.

Moreover, if consistency were the dominant consideration, it would support abstention. The Bushes have cited four similar cases from this district in which the Court decided to abstain. *See Progressive N. Ins. Co. v. Garcia*, No. CV 07-0233 (Herrera, J.); *Allstate Ins. Co. v. Romero*, No.

CV 07-0125 (Johnson, J.); *Progressive Specialty Ins. Co. v. Thakur*, No. CV 06-0542 (Baldock, J.); *Nat'l Cas. Co. v. Montoya*, No. CV 99-0450 (Conway, J.).[4]

APA also argues that I should not exercise my discretion to abstain because this Court has priority jurisdiction. APA points out that New Mexico recognizes the well-established doctrine that a later-filed case should be abated in favor of an earlier-filed case that is based on the same operative facts. New Mexico refers to this doctrine as "priority jurisdiction." *See Cruz v. FTS Constr.*, 142 P.3d 365, 368 (N.M. Ct. App. 2006). Similarly, "[i]t is well established in this Circuit that where the jurisdiction of a federal district court has first attached, that right cannot be arrested or taken away by proceedings in another federal district court." *O'Hare Int'l Bank v. Lambert*, 459 F.2d 328, 331 (10th Cir. 1972); *see also Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161 (10th Cir. 1982) (applying the doctrine to parallel proceedings in two federal district courts).

Although the Tenth Circuit follows the priority jurisdiction doctrine to determine which of two federal courts should exercise jurisdiction, I am not aware of a Tenth Circuit decision applying the doctrine to determine whether a federal court should exercise jurisdiction when a parallel case is pending in state court. However, the Eleventh Circuit has stated, "In [the] absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case [and] [i]t should make no difference whether the competing courts are both federal courts or a state and federal court with undisputed concurrent jurisdiction." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982); *see also Cent. States Indus. Supply v. McCullough*, 218 F. Supp. 2d 1073, 1092-93 (N.D. Iowa 2002) (recognizing a split among federal courts

---

[4] In another similar case, Judge Browning initially retained jurisdiction over a case involving insurance coverage, but abstained on reconsideration because the state judge refused to dismiss the state case and expressed his belief that the issues should be decided by a state court. *See Am. Nat'l Property & Cas. Co. v. Wood*, No. 07-1048.

8

regarding applicability of the doctrine to concurrent litigation pending in state and federal court, but finding "overwhelming support" for application of the doctrine only to concurrent actions in federal courts).

In *Haydu*, the state proceeding was filed first, and the Eleventh Circuit affirmed the district court's decision to dismiss the federal suit. A review of the circuit opinion reveals that the court was concerned primarily with comity. The circuit held that comity "overwhelmingly compel[led] [it] to allow this cause to proceed to completion in state court." *Haydu*, 675 F.2d at 1172. Thus, *Haydu* reached the same result that I have reached here.

Moreover, because *Haydu* was not a declaratory judgment case, it did not discuss *Brillhart* abstention. Assuming for purposes of argument that the priority jurisdiction doctrine might support a federal court's retention of jurisdiction over a federal case despite the pendency of a later-filed parallel state case in some circumstances, it does not support the retention of jurisdiction over a federal declaratory judgment action. Mechanical application of the doctrine would require a federal court to exercise jurisdiction whenever the federal declaratory judgment action is filed before the state suit. This is inconsistent with the Declaratory Judgment Act, as interpreted by *Brillhart* and subsequent cases. The Act makes the exercise of jurisdiction discretionary. The mere fact that the federal action was filed first does not compel a federal court to exercise jurisdiction. *See, e.g., Wilton*, 515 U.S. at 282 (upholding abstention where federal suit was filed first); *Runyon*, 53 F.3d at 1170 (same); *see also Hospah Coal*, 673 F.2d at 1164 ("[S]imply because a court is the first to obtain jurisdiction does not necessarily mean that it should decide the merits of the case."); *Commercial Union Ins. Co. v. Torbaty*, 955 F. Supp. 1162, 1163-64 (E.D. Mo. 1997) (declining to apply priority jurisdiction doctrine to parallel state and federal cases where federal declaratory

9

judgment action was filed first, because the declaratory judgment action was a "red flag," suggesting a "race to the courthouse").

## CONCLUSION

For the reasons explained above, I will exercise my discretion to decline jurisdiction of this declaratory judgment action. The only remaining issue is whether to dismiss the case now or stay it pending disposition of the state court case. The Supreme Court has stated that "a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." *Wilton*, 515 U.S. at 288 n.2; *see also United States v. City of Las Cruces*, 289 F.3d at 1192 (indicating that a stay may be preferable for various reasons). In the five cases discussed above in which judges from this district decided to abstain, they stayed the federal case rather than dismissing it. I will follow that approach.

IT IS THEREFORE ORDERED THAT:

1) APA's Expedited Motion to Enjoin State Court Proceedings is denied;

2) the Bushes' Motion to Dismiss or Alternatively Motion to Stay Proceedings is granted in part;

3) this case is stayed pending resolution of the state court case;

4) the parties shall notify this Court in writing when the state case is resolved; and

5) if the state case is not resolved by **September 14, 2009**, the parties shall filed a written status report in this Court on that date.

*William P. Lynch*
_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.

11